CONCORD STATE BANK, APPELLANT, V. WILLIE JAEGER: JOHN WEIERSHAUSER, APPELLEE.

FILED FEBRUARY 13, 1928. No. 25263.

*D. Van Donselaar* and *W. D. McCarthy,* for appellant.

*McCarthy & McCarthy, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

The Concord State Bank, hereinafter called the bank, began this action September 11, 1924, in the district court for Dixon county, to recover a judgment in the sum of $3,312 on a promissory note on which, at the time of the trial, the signatures of Willie Jaeger and John Weiers-

hauser, defendant, appear as apparent makers. The parties were both named in the summons as defendants, but service was had on Weiershauser only, and the action proceeded against him alone. Jaeger made no appearance in the case, though he was called as a witness. The jury found for the defendant. The plaintiff bank's motion for a new trial was overruled. Thereupon the court rendered a judgment on the verdict in favor of the defendant. The bank has appealed.

Following is a copy of the original note sued upon, being exhibit A as it appears in the record:

"Concord, Nebraska, Sept. 20, 1922.

"No. 24004. Due Mar. 11, '23.

"Mar. 1, 1923, after date, for value received, I, we, or either of us promise to pay to Concord St. Bank or order twenty-seven hundred forty-two and no/100 dollars, $2,742.00. The Concord State Bank, Concord, Neb., with interest at 8 per cent. per annum from date until due, payable annually with interest at ten per cent. per annum after due until paid. The makers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment, and each of us personally hereby charge our own separate estate with the payment of this note.

"W. Jaeger.

"P. O. Dixon, Nebr.          John Weiershauser."

The evidence is so conflicting throughout that it cannot be reconciled. Only two witnesses testified on the part of the bank, and two on the part of the defendant. The note in suit was first introduced, and evidence was offered by the bank tending to prove that no part of the principal or accrued interest had been paid. On this point there is no controversy.

The defendant then offered evidence tending to prove that the signature of Weiershauser on the note was obtained by a bank officer upwards of 30 days after it was signed by Jaeger, and that Weiershauser received no consideration whatever from the bank nor from any person for affixing

his signature thereto, and that neither Jaeger nor any person other than the bank officer ever, at any time, asked him to sign the note. From the defendant's evidence it appears that he signed the note on the representation by the bank official that it was "for the accommodation of the bank," and that the bank never "at any time agreed to extend that debt" for Jaeger if he, the defendant, "would sign the note with Willie Jaeger." The defendant emphatically denies that he entered into the agreement as stated by plaintiff.

It appears from the defendant's viewpoint that the bank officer who obtained the defendant's signature came to the defendant's farm more than a month after the date of the note, with the note in his possession, and met the defendant at the gate of his farmyard as he was leaving for the field to pick corn, and that he then and there induced the defendant to sign the note as an accommodation to the bank, and not as an accommodation to the bank officer nor to Jaeger.

The material evidence of the defendant was corroborated by Jaeger throughout, and it is also disclosed by Jaeger's evidence that he, Jaeger, got all the money for which the note in suit was executed, and that he never even spoke to the defendant in respect of his signing the note. On the part of the bank considerable evidence was submitted by both of the witnesses called to testify in its behalf. Their evidence covers a wide range and has to do with Jaeger's former dealings with the bank. These witnesses denied many of the facts to which the defendant and Jaeger testified. And the plaintiff bank also submitted evidence which, if accepted by the jury, might have resulted in a verdict and judgment for the bank.

From the evidence presented we conclude that the defendant Weiershauser became an accommodation signer solely at the request of an officer of the bank, and that he received no consideration for such signing, and that, as such accommodation signer, he is not liable to the plain-

tiff bank under the evidence and the terms of the note in suit.

Complaint is made by counsel for the bank that they were hindered in their presentation of the argument to the jury in that the court placed a limitation as to the time that might be occupied for argument. But it is well settled in this state that this feature of the jury trial is committed to the discretion of the trial judge, and in the absence of an abuse of such discretion, and we find none in the present case, this court will not interfere with the court's ruling.

In this jurisdiction we are firmly committed to the proposition that, where disputed relevant facts are fairly submitted to the jury, under instructions that fairly apply the law thereto, a reversal of the judgment cannot be had in this court. We conclude that the evidence fairly supports the verdict, and that the trial court was justified in overruling the plaintiff's motion for a new trial.

The bank complains of the giving of instruction No. 11. The instruction follows:

"If you find from a preponderance of the evidence that the original indebtedness represented by the note in suit was negotiated for by the defendant, John Weiershauser, and that he obligated himself to pay the same by signing the original note representing said indebtedness, and that the note in suit is a renewal of the same, or the renewal of a former renewal of said original note, then the defendant, John Weiershauser, is a joint maker of the note in suit, and your verdict must be for the plaintiff for the amount due upon said note."

In view of the evidence on this feature of the case, we do not think prejudicial error can be predicated on the giving of the instruction complained of from the fact that it tends to enlarge rather than to minimize the scope of the defendant's alleged liability.

Other assignments of alleged error are urged upon our

attention that we do not find it necessary to discuss, and therefore do not decide.

The judgment is

AFFIRMED.

GOOD, J., dissents.